### RAWSON et v WOOD et

Ohio Appeals, 1st Dist, Hamilton Co

Decided November 23, 1931

William R. Collins, Cincinnati, for plaintiffs in error.

Lem S. Miller and Oliver G. Bailey, Cincinnati, for defendants in error.

ROSS, PJ.

The record shows that the receiver took possession of the premises and was notified substantially as is alleged in the petition. It further discloses that at no time did he agree to pay the full installment for November, or in fact agree to pay any specific sum. He did tender a proportionate part of $583.33 for the time actually occupied in November and the full rent for December. Therefore, only the rent unpaid by the candy company for the first eighteen days of November is in dispute. The installments were not monthly rent, but merely convenient portions of the entire yearly rental. The lessors had the right to re-enter under the lease, after allowing a reasonable period for the receiver to remove the machinery, fixtures, and supplies in the building. They could contract with the receiver, however, upon what terms he should continue to occupy the premises. It appears that they attempted to do so. The record, however fails to show that any agreement was entered into. As the claim is made in the petition and brought out in

the record, an attempt upon the part of the lessors is apparent to require the receiver to pay the arrearage for the first eighteen days in November as a preferred claim. This cannot be done, for it would prefer a claim which is only a general charge against the assets in the receiver's hands. .

The lessors, on the other hand, are entitled to a reasonable compensation for the occupation of the premises by the receiver. The receiver has tendered an amount which seems to be agreed upon as such reasonable compensation, for it is an amount fixed by the lessors.

For the period previous to the occupation by the receiver, the lessors have their general claim against the assets. The receiver as such cannot be required to pay the full amount for this period.

The judgment of the court of common pleas is affirmed.

HAMILTON and CUSHING, JJ, concur.